## Amos Rugg *vs.* Isaac O. Barnes.

J. made a mortgage of personal property to V. and B. on the 28th of April, 1846, and a second mortgage of the same property to R. on the 19th of June following: J. remained in possession of the mortgaged property until the 30th of June, when the same was attached by the defendant, as marshal, and put into the custody of a keeper, at the suit of G., a creditor of J. : On the 7th of July, 1846, the second mortgagee made a demand in writing of the officer pursuant to the statutes relating to the attachment of personal property under mortgage, and on the next day the first mortgagees made a similar demand : Within ten days after the last demand, it was agreed between the first mortgagees and the attaching creditor, that the officer should remove a portion of the property and the keeper ; that the mortgagees should take immediate possession and dispose of the residue under their mortgage, and apply the proceeds to the payment of their debt; and that the attaching creditor should pay whatever balance might remain of the mortgagees' claim not satisfied out of the property : Pursuant to this agreement, the officer removed a portion of the property, which he afterwards sold on execution in favor of the attaching creditor, and on the 16th of July, 1846, the first mortgagees took possession of the residue of the property, and proceeded to dispose of the same, with the written consent of the mortgagor and second mortgagee The proceeds of the mortgaged property not being sufficient to pay the debt of the first mortgagees, the balance was paid by the attaching creditor, and the mortgagees made an assignment to him of their mortgage, which was executed on the 12th of February, 1847 : In an action of trover, commenced on the 10th of September, 1846, by the second mortgagee against the officer, to recover the value of the property taken by him and sold on execution, it was held, that at the time of the plaintiff's demand on the defendant, and when he commenced his action of trover, he had only a right to redeem as second mortgagee, but not the right of present possession. and therefore that the action could not be maintained.

THE plaintiff brought trover to recover the value of a stock of books, stationery, and other articles enumerated in the writ, and therein alleged to have been converted by the defendant, on the 17th of July, 1846. The writ was dated September 10th, 1846.

At the trial before *Metcalf*, J., the plaintiff, to prove his case produced a mortgage embracing all the articles enumerated in the writ, made to him by J. J. Judkins, then a bookseller in Lowell, dated June 19th, 1846, and recorded the next day ; and also an attested copy of an original writ, from the circuit court of the United States, for the district of Massachusetts, with a return thereon of an attachment of the mortgaged property by the defendant, the marshal of the district, in which writ, Charles T. Gill, of Nashua, N. H., was the plaintiff, and Judkins, the mortgagor, was the defendant.

There was parol testimony tending to prove, that, by the defendant's direction, some of the property embraced in the plaintiff's mortgage, was removed from Judkins's store on the 15th of July, 1846.

The plaintiff also produced a written demand made by him upon the defendant, on the 7th of July, 1846, pursuant to the several statutes relating to the attachment of mortgaged personal property.

The defendant justified by virtue of the writ put into his hands for service against Judkins, which, it appeared, was duly entered in court and prosecuted to final judgment and execution. The property attached was seized on the execution and sold at public auction by the defendant.

The defendant also justified, as the agent of Gill, the attaching creditor, who, as the defendant alleged, was the purchaser and assignee of a prior mortgage of the whole or the greater part of the property embraced in the mortgage to the plaintiff.

It appeared in evidence, that Judkins executed a mortgage to Samuel J. Varney and Ethan Burnap, of Lowell, dated on the 28th of April, 1846, and recorded the same day, of all his stock in trade, a particular schedule of which was annexed to the mortgage, embracing, as the defendant insisted, all or nearly all the property described in the schedule attached to the plaintiff's mortgage. Judkins remained in possession of the property thus mortgaged until the 30th of June, 1846 when the defendant, by virtue of the writ in favor of Gill

took possession of Judkins's store, and placed a keeper therein over the property attached. On the 8th of July, 1846, Varney and Burnap made a demand upon the defendant pursuant to the statutes referred to above.

The defendant introduced Varney, the mortgagee, as a witness, who testified, in substance, that after the defendant put the keeper into Judkins's store as above stated, and before the expiration of ten days from the demand made by the witness and Burnap upon the defendant, the attorney of Gill made a verbal agreement with the witness, by the terms of which, the defendant, by his and Burnap's permission, was to remove a portion of the property and the keeper from Judkins's store, and the witness and Burnap were thereupon to take possession of the residue of the property, by virtue of their mortgage, and to proceed, as soon as they lawfully might, to apply the same or the proceeds thereof to the payment of the debt which the mortgage was given to secure, and Gill was to pay them the balance of their debt not satisfied by the property.

The witness also testified, that this agreement was performed by all the parties ; but that the formal transfer or assignment of the mortgage, from the mortgagees to Gill, was not executed until February 12th, 1847, after the sale by the defendant on the execution, (which was on the 6th of February,) of the goods attached by him ; that, on the 16th of July, 1846, the witness and Burnap took possession, by virtue of their mortgage, of all the property which they found in Judkins's store, and immediately proceeded, by the written consent of Judkins and of the plaintiff, to sell the same and apply the proceeds to the payment of the debt secured by their mortgage ; that there remained due, after all the proceeds of the property had been applied to their. debt, about two hundred dollars, which was paid to them by Gill ; and that the witness and Varney executed an assignment of the mortgage upon the back thereof to Gill, according to the agreement and understanding with Gill's attorney.

It appeared, also, that after the assignment by Varney and Burnap to Gill, the latter, on the 1st of December, 1847, gave

the notice required by the statute for the foreclosure of a mortgage of personal estate, and that the time provided by the statute for the redemption of such mortgages had expired.

The defendant offered in evidence an instrument signed and sealed by Judkins and also by the plaintiff, on the 21st of July, 1846, by which Judkins, — first, reciting that he had given a mortgage of his stock to Varney and Burnap, as already stated, and that the condition of the same being broken, the mortgagees were in legal possession of the property, — consented and agreed, that Varney and Burnap might proceed forthwith to sell and dispose of the same, in such manner as they might deem proper, to the full amount of their mortgage ; and that they might proceed, in like manner, to sell and dispose of the whole of his stock, whether included in the mortgage or not, and hold the proceeds thereof in trust for himself and his creditors. By the same instrument, the plaintiff, reciting that he had a claim by mortgage upon certain articles of the mortgaged property, consented and agreed that the same might be sold and disposed of by Varney and Burnap, upon the terms and conditions, and in the manner and for the purposes, therein before specified.

The defendant thereupon contended, that the plaintiff, by signing this agreement, had waived his right of action, in the present form, against the defendant, and against Varney and Burnap, and all claiming under them ; but the judge ruled, that this action was not barred by such agreement.

The defendant requested the judge to rule, that the attachment made by the defendant, being by virtue of process issued from the circuit court of the United States, and authorized and regulated by the judiciary act of 1789, could not be affected by any law of this state subsequently enacted relating to attachments of property, and that the plaintiff's mortgage, the mortgagor being in possession, could not be set up against the attachment ; but the judge declined so to rule.

The defendant also contended, that the plaintiff's mortgage was fraudulent, and void as to the creditors of Judkins ; but the jury found otherwise and returned a verdict for the plaintiff

If, upon the facts in the case, the court should be of opinion, that this action can be maintained, they are to pass such order as shall be just and legal for the assessment of damages, and a hearing is to be had for that purpose. If the action cannot be maintained, the plaintiff is to become nonsuit, or a new trial is to be granted, as the court may order.

*J. P. Robinson*, for the plaintiff.

*B. F. Butler* and *A. W. Farr*, for the defendant.

FLETCHER, J. This is an action of trover for books, stationery, &c., described in the writ, which bears date September 10th, 1846, and alleges a conversion by the defendant July 17th, 1846.

The articles, which are the subject of the suit, were once the property of one Judkins, of Lowell, who made a mortgage of the same to Varney and Burnap, on the 28th of April, 1846, which was recorded the same day. On the 19th of June, 1846, Judkins made a second mortgage of the same property to the plaintiff, which was recorded June 20th, 1846.

After these two mortgages, Judkins remained in possession of the property up to the 30th day of June, 1846, on which day, the defendant, as marshal, by virtue of a writ in favor of Charles T. Gill, against Judkins the mortgagor, took possession of all the property in Judkins's store, and put in a keeper.

On the 7th of July, 1846, the plaintiff made a written demand on the defendant, pursuant to the statute relating to the attachment of mortgaged personal property ; and on the 8th of July, Varney and Burnap made a similar demand, as first mortgagees, on the defendant, stating their mortgage pursuant to the statute.

Within ten days from the time of the demand by Varney and Burnap, the attorney for Gill, the attaching creditor, agreed with Varney and Burnap, that the defendant might remove a portion of the property and the keeper ; that Varney and Burnap should take possession of what was left by virtue of their mortgage, and apply the proceeds to pay the mortgage debt ; and that Gill should pay the balance of their claim not

satisfied by the property. This agreement was performed by all parties. But a formal assignment of the mortgage was not executed till February 12th, 1847. The goods taken by defendant were sold on the execution, on the 6th of February, 1847.

On the 16th of July, 1846, Varney and Burnap took possession of all the property found in Judkins's store, by virtue of their mortgage, and proceeded to sell the same with the consent of Judkins and Rugg. The proceeds were insufficient to pay their mortgage debt, by about $200; and the deficiency was paid by Gill. Varney and Burnap executed an assignment to him on the back of the mortgage.

After the assignment to him, Gill, on the 1st of December, 1847, gave due notice to Judkins in order to foreclose the mortgage.

The agreement to sell by Varney and Burnap was signed by Judkins and Rugg, on the 21st of July, 1846.

After these demands, a portion of the property was removed from the store by the defendant, with the consent and by the agreement of the first mortgagees. The removal of this property by the defendant could not give the plaintiff a right of possession; the first mortgage remaining in full force, and the mortgagees insisting on their rights under it. The case then stands thus; that at the time of the plaintiff's demand on the defendant, and at the time of the commencement of this suit, the legal title to the property and the right of possession were in the first mortgagees. It is a clear and acknowledged principle, that to maintain trover, the plaintiff must have not only the property of the articles, but the right of present possession. Now, when the plaintiff made his demand on the defendant, and instituted this suit, he had only the right to redeem as second mortgagee, and had not the right of present possession. It is apparent, therefore, that the present action cannot be maintained.

Questions were discussed at the bar, in relation to the effect of the agreement to sell the property, and as to the assignment of the firs. mortgage, and as to the measures taken to

foreclose that mortgage. But it would be wholly unseasonable to consider these questions here, as it is certain that they can have no bearing whatever upon the decision of the present case.

The plaintiff, at the time of the institution of the suit, having only a right to redeem as second mortgagee, without any right to present possession, cannot maintain this action; and, therefore, according to the conclusion of the report, a nonsuit must be entered.